State v. Powell.

lar and in proper form the judgment must be affirmed. It is so ordered. *Walker, J.,* concurs; *Faris, P. J.,* not sitting.

---

THE STATE v. FEATHERSTONE: POWELL, Appellant.

Division Two, November 30, 1915.

1. **CONFESSION: Law of Case.** A ruling upon a former appeal that a written confession obtained by the police captain and other officers from defendant was as a matter of law not voluntary and therefore inadmissible, becomes the law of the case on a second trial, unless a different state of facts is shown.

2. ————: **Swearing Away Legal Defects.** Legal defects which arose from the State's affirmative proof and which as a matter of law destroyed the voluntary character of defendant's alleged confession on the former trial, cannot be sworn away by the same witnesses upon the second trial without a commission of perjury. If the facts pertaining to the voluntary character of the confession were fully developed at the first trial, a holding that, upon the State's own showing, the confession was not voluntary and therefore inadmissible, became the law of the case on a second trial.

3. ————: **Other Oral Confessions.** But the inadmissibility of that written confession, obtained by policemen after continually "sweating" defendant for eleven hours, does not affect the admissibility of a prior oral confession made to a special officer which was not involved in the former ruling.

4. ————: **Guilt Dependent Upon.** Considerations of justice demand that great caution should be used and great exactness required in determining the admissibility of a confession by defendant where without that confession there is no substantial evidence of his guilt; and especially should that caution be observed where the confession contains a statement of fact which is conclusively shown to be false.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw,* Judge.

Reversed and remanded.

*Horace S. Kimbrell* and *Griffin & Orr* for appellant.

(1) On its face said confession shows it was not voluntary. The evidence shows it was not voluntary. Considering the fact that appellant was a colored man, twenty-three years old, a janitor for nine years in one position, his mental qualifications, his surroundings and the fact that nine police officers were sweating him for twelve hours, and the language of the confession itself, the trial court erred in admitting the purported confession in evidence, especially after it appeared that Captain Stone and officer Boullt had told appellant that "it would be best for him to tell the truth" and "it would help him to tell the truth." State v. Brockman, 46 Mo. 566; Underhill on Criminal Evidence, sec. 128; Wharton on Criminal Evidence, p. 1328; State v. Fredericks, 85 Mo. 145; 12 Cyc. 464; State v. Powell, 167 S. W. 559; State v. Thomas, 250 Mo. 211. (2) This court ruled on the former appeal of this case that as a matter of law, on its face the alleged confession was inadmissible in evidence, and the trial court erred in permitting the said confession to be again introduced in evidence and read to the jury. The question of its admissibility was *res judicata.* State v. Powell, 167 S. W. 559; 7 Ency. Ev., p. 838; Buchanan v. Smith, 75 Mo. 463; Hoyt v. Green, 33 Mo. App. 205; Cole v. Clark, 3 Wis. 292; 3 Van Fleet on Former Adjudication, pp. 1310-1316; Given v. Waggoner, 116 Mo. 143; May v. Crawford, 150 Mo. 564; Holmes v. Royal Loan Assn., 166 Mo. App. 719; Haverstock v. Rogers, 177 Mo. App. 446; Ward v. Haren, 167 S. W. 1065; Roth v. St. Joseph, 167 S. W. 1155.

*John T. Barker,* Attorney-General, and *W. T. Rutherford,* Assistant Attorney-General, for the State.

(1) Admissibility of confession is a question for the court. State v. Patterson, 73 Mo. 605; State v.

McKenzie, 144 Mo. 48; State v. Stebbins, 188 Mo. 387; State v. Patterson, 73 Mo. 706; State v. Hattman, 196 Mo. 126; State v. Spaugh, 200 Mo. 596; State v. Hopkirk, 84 Mo. 283; State v. Brennan, 164 Mo. 510; State v. Wooley, 215 Mo. 620; State v. Ruck, 194 Mo. 437; State v. Barrington, 198 Mo. 109; State v. Ammons, 18 L. R. A. (N. S.), 768, and notes, p. 777; State v. Brooks, 220 Mo. 83; State v. Wilson, 223 Mo. 188; State v. Powell, 250 Mo. 216. (2) Cases where the question as to whether the confession was voluntary or involuntary were, or should have been, submitted to the jury: State v. Wooley, 215 Mo. 682; State v. Stebbins, 188 Mo. 396; State v. Jones, 171 Mo. 407; State v. Barrington, 198 Mo. 109; State v. McKenzie, 144 Mo. 44; State v. Thomas, 250 Mo. 210; Ammons v. State, 18 L. R. A. (N. S.) 842. (3) Confessions are presumed to be voluntary until the contrary is shown. State v. Armstrong, 203 Mo. 559; State v. Stebbins, 188 Mo. 397; State v. Jones, 171 Mo. 406; State v. Patterson, 73 Mo. 706; State v. Meyers, 99 Mo. 119; State v. Hattman, 196 Mo. 127; State v. Spaugh, 200 Mo. 597; Ammons v. State, 18 L. R. A. (N. S.) 783. (4) If it be proper to submit to the jury under appropriate instructions the question whether the confession is voluntary or involuntary, then and in that event the finding of the jury concludes the appellate court on disputed facts. State v. Fields, 234 Mo. 627; State v. Sharp, 233 Mo. 269; State v. Cannon, 232 Mo. 205; State v. Sassaman, 214 Mo. 738; State v. Fogg, 206 Mo. 696; State v. Tetrick, 199 Mo. 100; State v. Smith, 190 Mo. 723; State v. Richmond, 186 Mo. 87. (5) That the confession was made to an officer after the arrest does not tend to prove that the confession was improperly obtained. State v. Spaugh, 200 Mo. 597; State v. Brennan, 164 Mo. 510; State v. Barrington, 198 Mo. 109; State v. Wooley, 215 Mo. 682; State v. Church, 199 Mo. 631; State v. Phelps, 74 Mo. 136; State v. McClain, 137 Mo. 316; State v. Northway, 164 Mo.

316; State v. Simon, 50 Mo. 370; State v. Carlisle, 57
Mo. 102; State v. Shackelford, 148 Mo. 493; State v.
Vaughn, 152 Mo. 73; State v. Wilson, 223 Mo. 178;
State v. Green, 229 Mo. 651; Ammons v. State, 18 L.
R. A. (N. S.) 796.    (6)    A confession made to one
not in authority who said to accused that he was sat-
isfied that he was guilty and that it was best to tell
the truth is admissible.   State v. Keller, 174 S. W.
71.    (7)    That the questions propounded to the de-
fendant assumed his guilt, or that he was not warned
that his statement would be used against him does not
render such statement inadmissible.    State v. Bar-
rington, 198 Mo. 109; State  v. Phelps, 74 Mo. 136;
State v. Brooks, 220 Mo. 83; Ammons v. State, 18 L.
R. A. (N. S.) 802; State v. Raftery, 252 Mo. 80.    (8)
It is no objection to the admissibility of a confession
that it was made by the accused when he was without
counsel, nor that he was not informed that he need
not make a statement, or that any statement he might
make would be used against him.    State v. Gorham,
67 Vt. 365; State v. Patterson, 68 N. C. 292; Com. v.
Sturtivant, 117 Mass. 122; State v. Barrington, 198
Mo. 23.    (9)    That the accused while under arrest was
told by the officer in charge that if he was guilty of
the offense charged it would be better to tell the truth
about it, and thereupon the accused confessed, does
not render the confession involuntary.    State v. Arm-
strong, 167 Mo. 269; State v. Patterson, 73 Mo. 707;
State v. Hopkirk, 84 Mo. 278; State v. Anderson, 96
Mo. 249; State v. Lipscomb, 160 Mo. 140; State v.
Phelps, 74 Mo. 136; State v. Hedgepeth, 125 Mo. 22.
Contra:  State v. Powell, 250 Mo. 250; State v. Keller,
174 S. W. 72.    (10)    The admissions of an accused
are always admissible in evidence against him when
freely and voluntarily made.   State v. Shout, 263 Mo.
370; State v. Wilkins, 221 Mo. 444; State v. Green,
220 Mo. 642; State v. Witherspoon, 231 Mo. 706; State
v. Roberts, 201 Mo. 702; State v. Atken, 240 Mo. 262;

State v. Butler, 258 Mo. 436. (11) The rule of *stare decisis,* like other rules, has its exceptions, and the rule relaxes when a mistake was made on the former appeal or when it would work injustice and likewise where the facts are different. Mangold v. Bacon, 237 Mo. 511; Davidson v. Mayhew, 169 Mo. 265; Bealy v. Smith, 158 Mo. 521; Fuchs v. St. Louis, 167 Mo. 652. (12) When no direction is given on a former appeal in remanding a cause for a new trial, there is no adjudication made of the facts at issue in the case and the matter at issue remains as it was at first, unhampered by anything which occurred on the former appeal. Kelly v. Thuey, 143 Mo. 437; Baker v. Railroad, 147 Mo. 151; Mangold v. Bacon, 237 Mo. 516.

FARIS, P. J.—Defendant, convicted in the criminal court of Jackson County of murder in the first degree, and sentenced to imprisonment in the penitentiary for life, after the usual motions, appeals.

This is the second appeal in this case. [State v. Powell, 258 Mo. 239.] The facts of the homicide out of which this case arises have already been before us three times. [State v. Bonner, 259 Mo. 342; State v. Brown, 247 Mo. 715; State v. Powell, supra.] The facts proven upon the trial below from which the instant appeal is taken, differ in no material respect from those shown by the record in the other appeal herein, formerly considered by us. The evidence tended to prove that defendant, with one Arthur Brown and George Bonner, whose respective connection with this homicide is to be found detailed in State v. Brown, supra, and State v. Bonner, supra, together with defendant's two brothers, Halsey Powell and Cottrell Powell, in attempting to rob the freight office of the Missouri Pacific Railroad at Kansas City on December 1, 1911, shot and killed Albert Underwood, a cashier in said office. But as all the attending facts and circumstances are fully set forth in the two

State v. Powell.

cases last cited, and as the alleged confession of the defendant,, as well as the facts and circumstances under which it was made and upon which his former appeal and the instant one both turn, are to be found set forth in State v. Powell, supra, we need not cumber the books with these facts again. So we content ourselves with referring the curious reader to the three cases above cited for such facts as we may not set out in detail in our discussion of the case.

## OPINION.

When this case was here before it was reversed and remanded for a new trial on account of two things, which we then ruled constituted reversible error: (a) the refusal to admit testimony offered by defendant in contradiction of the alleged confession, showing the whereabouts of Halsey Powell at the instant of the homicide, and (b) the action of the court in admitting the paper signed by defendant, purporting to be his confession. No other points were discussed, except such as were ancillary to the above two. Our ruling upon the last point, touching the admissibility of the defendant's confession, was thus summed up:

**Confession.**

"It is not necessary to discuss the matter at greater length. We are convinced that the written confession was not voluntarily made, and should, therefore, have been excluded by the court. [State v. Thomas, 250 Mo. 189, l. c. 211, and authorities there cited.]"—State v. Powell, 258 Mo. 1. c. 251.

Notwithstanding this holding the case is back here with the. single point mooted that the learned court *nisi* erred in the instant case in admitting the identical confession which we had already ruled was inadmissible.

We are entirely satisfied with the correctness of our ruling upon this point when the case was here

before. It comes to us now absent no vices that it contained then. The testimony going to show its voluntariness *vel non* (herein as formerly still strenuously assailed) is substantially the same that it was before, except that the witness Boultt (and possibly the witness Phillips, though as to the latter the record is not clear), now relates an antecedent oral confession which it *seems* was not mentioned by them in their former testimony. (We may be in error as to this fact; we gather it from the four corners of the record only and have not compared the evidence of these two witnesses with their former testimony on this matter on the other trial.) But, even should we be in error as to this, it can not change the law of the case. For when, upon a full investigation of the question upon the former appeal we squarely ruled that the confession of defendant to Capt. Stone and the police officers was obtained in a manner which as a matter of law rendered it not voluntary and therefore inadmissible, this ruling became the law of the case upon another trial and likewise upon a second appeal, unless upon a second trial *nisi* a different state of facts was shown. [May v. Crawford, 150 Mo. 504; Bealey v. Smith, 158 Mo. l. c. 521; Fuchs v. St. Louis, 167 Mo. l. c. 652; Steinhauser v. Spraul, 114 Mo. 551.]

To ascertain whether such difference existed as would serve to change our ruling we do not need to compare this record with the former one, as we would if necessary be permitted to do. For a casual reading of the present record discloses that the identical vices for which we before held the alleged confession to be inadmissible because not voluntary, inure in the one before us. Indeed, it is fairly patent that if legal defects, arising from matters of affirmative proof, existed before in laying the foundation of voluntariness in order to render the confession admissible in the former trial, these defects could not be sworn away upon this trial, absent perjury. Nor in our view have

they been so sworn away.  Error before arose from the substantial fact that nine officers, for the most part police, collectively, or individually, or in pairs or trios, "sweated" defendant continuously from two o'clock in the afternoon till one o'clock next morning, at which time, after the police captain Stone and others of the nine apparently in Stone's presence, had told defendant it would "be best for him to tell the truth," he made and signed the alleged confession in evidence.  Upon this record, as upon the former, we do not credit the statements of the defendant that he was beaten and maltreated; for on this point he is overwhelmed and utterly discredited by countervailing testimony.  But here upon the instant record the other identical infirmities of foundation appear affirmatively from the testimony of witnesses for the State.

So we do not need to pass upon the mooted and troublesome point whether in a criminal case a ruling by us upon an evidentiary matter, the admissibility of which depends on a foundation laid, could become "the law of the case" upon subsequent trials and appeals, so far as to conclude appellate review here, regardless of whether or not a new and different state of facts was shown upon such subsequent trial.  But that such a holding in the absence of an essential difference in facts proven upon the two trials would become the law of the case on such last trial, we do not question or doubt.  Since herein we find no such essential difference, we continue to rule as we ruled before.

For the error in admitting the alleged oral and written confession made at Station Two in the presence of and to the nine officers, this case must be reversed.  What we say does not apply to the alleged prior confession made to special officer Boultt before defendant was "sweated."  Upon a trial anew, a proper foundation being laid, we see no reason why

these alleged admissions of defendant will not be competent.

No unbiased reader of this record can fail to be impressed with some doubt as to the guilt of this young negro defendant. If his confession be stricken down there is left scarcely a shred of proof of his guilt. And at least one fact contained in his alleged confession, to-wit, that his brother Halsey was present at, and participating in the commission of this crime, is conclusively shown to be false, if a statement may be proven false by human evidence. While confessedly it is a very human failing, superinduced doubtless by constant dealings with the hardened criminal classes, which induces police officers and detectives to follow the popular attitude and presume the guilt of an accused person rather than his innocence, which latter presumption the law enjoins upon the courts; nevertheless this popular presumption of guilt and the court-ruled and legal presumption of innocence cause trouble and misunderstandings in the administration of justice when they clash. This case proves the rule. For while defendant may be guilty there is such grave doubt of it, and the fact of guilt rests upon so thin a point, as to give us pause in so ruling, out of hand. His confession absent, he is upon the other facts shown, as innocent as the unborn babe. Therefore considerations of justice demand that great caution should be used and great exactness required in so close a case upon so grave a charge. *A fortiori*, since our rulings may be as well a bane to the innocent as they are the means of visiting justice upon the guilty. Abstractly, a wrong ruling as to a guilty person does not harm society; and but aids in doing justice upon him who deserves punishment; but such a ruling lives to be a precedent for the hurt and harm of the innocent, and so our duty is to write the law by which both the guilty and the innocent may be safely tried.

A rule of law fit only to try the guilty is no better than lynch law.

It results that for the error noted this case must be reversed and remanded for a new trial. Let this be done. All concur..