## THE STATE v. ALVIN MEYER, Appellant.

Division Two, March 18, 1922.

1. **CRIMINAL LAW: Former Appeal: Identity of Questions Determined.** Where, on a second appeal in a criminal prosecution, it appears from a comparison of the record with the record on the former appeal, that the question determined on the former appeal was whether defendant had been deceived or misled into entering a plea of guilty, while the question on the second appeal is whether a confession made by defendant was voluntary or involuntary, there is no such identity of the questions involved as to render the decision on the first appeal the law of the case on the second appeal.

2. ———: **Confession: Admissibility.** Where a confession is made, by one under arrest upon a criminal charge, to an officer of the law, without any improper influences exerted by him and without any threats of harm or promises of worldly advantages made by him, such confession is admissible in evidence.

State v. Meyer.

3. ———: ———: ———: **Jury Question.** Defendant, while under arrest charged with having committed robbery, on being questioned by the sheriff and prosecuting attorney orally admitted his guilt. He afterwards signed a written confession and pleaded guilty, and was sentenced to five years' imprisonment in the penitentiary. He thereafter employed counsel and moved to set aside the judgment on the ground that he had been deceived or misled into entering the plea of guilty, relying on a promise by the prosecuting attorney that he would be paroled. His motion was overruled by the trial court, and on appeal the judgment was reversed and the cause remanded. On the trial of the case thereafter the sheriff and prosecuting attorney were permitted to testify to his oral admissions, but the written confession was not introduced as evidence. He testified that he was induced to "sign" the written confession by the promise of a parole. *Held,* that it was for the jury to determine on the evidence whether the admissions were voluntary or involuntary, and the trial court having submitted such question to the jury in full and fair instructions there was no error.

4. ———: **Defendant as Witness: Cross-Examination.** Where the defendant is a witness in his own behalf in a criminal prosecution, the cross-examination of him by the State's attorney, under Section 4036, Revised Statutes 1919, is not to be limited to a mere categorical review of subjects covered by the direct examination, but may embrace the subject-matter covered by the examination in chief.


Appeal from St. Charles Circuit Court.—*Hon. Edgar B. Woolfolk,* Judge.


AFFIRMED.


*Wm. Waye, Jr.,* for appellant.

(1) The confession made by appellant to the sheriff and prosecuting attorney was not a voluntary confession, and, therefore, was not admissible in evidence against appellant. State v. Keller, 263 Mo. 539; State v. Caperton, 276 Mo. 314; State v. Hunter, 181 Mo. 316; State v.

Jones, 54 Mo. 478; State v. Thomas, 250 Mo. 189. (2) The confession in this case was induced by the prosecuting attorney and sheriff, telling the appellant they will do anything they can for him if he said he was guilty or pleaded guilty, and by the use of such words as "I am your friend and will help you all I can;" and where a confession is induced by persons in authority by such language, then such confession is not a voluntary confession and is not admissible in evidence against the person making such confession. State v. Keller, 263 Mo. 539; Couley v. State, 12 Mo. 462; State v. Hunter, 181 Mo. 316; State v. Murphy, 146 Mo. App. 707; 16 C. J. p. 726, sec. 1488. (3) In a former appeal of this case this court held that appellant was misled into making his confession, and, therefore, such confession was not voluntary, and such ruling of this court was the law of this case on this trial, and said confession should not have been admitted in evidence in the trial of this case. State v. Meyer, 222 S. W. 765; State v. Dale, 282 Mo. 663; State v. Powell, 266 Mo. 100. (4) The State was permitted, on cross-examination, over appellant's objection, to examine the appellant on matters not brought out in the examination in chief, which matters were highly prejudicial and hurtful to appellant. R. S. 1919, sec. 4036; State v. Pfeiffer, 267 Mo. 23; State v. McGraw, 74 Mo. 573; State v. Porter, 75 Mo. 171; State v. Palmer, 88 Mo. 568; State v. Groves, 95 Mo. 510; State v. James, 216 Mo. 404; State v. Hathhorn, 166 Mo. 239.

*Jesse W. Barrett,* Attorney-General, and *Henry Davis,* Assistant Attorney-General, for respondent.

(1) The confession or admission of the defendant was properly admitted in evidence. The question as to whether or not it was voluntary was a question for the jury. State v. Hopkirk, 84 Mo. 284; State v. Moore, 160 Mo. 460; State v. Jones, 171 Mo. 406; State v. Stebbins, 188 Mo. 387. (2) The cross-examination of appel-

lant did not range beyond the examination in chief and was proper. State v. Foley, 247 Mo. 638; State v. Ivey, 192 S. W. 736.

REEVES, C.—Convicted of robbery in the first degree and sentenced to five years' imprisonment in the penitentiary, defendant appeals. The information charged that defendant at St. Charles, Missouri, on February 21, 1919, robbed one Frank J. Bull of seven dollars. Two points only are urged as the basis of the appeal:

(a) Appellant complains that he was prejudiced by the admission in evidence over his objections of a confession made by him on the ground that such confession was involuntary.

(b) And that having testified in his own behalf, the cross-examination went beyond statutory bounds.

Appellant and one Virgil Dale were apprehended shortly after the commission of the felony, upon suspicion that they committed it. Upon being searched a portion of the money taken from Bull was found in appellant's sock and the balance accounted for in having been spent by them in one of the saloons. A mask was taken from appellant and an extra cap from each of them. Upon these incriminating circumstances, the sheriff took them to the jail, where they were interrogated separately.

They confessed and it is claimed by them that a plea of guilty was to be followed by a parole. In accordance with this alleged agreement a plea of guilty was duly entered, whereupon the court assessed the punishment of each at five years' imprisonment in the penitentiary. Appellant and his accomplice then procured counsel and filed a motion to set aside the judgment and sentence on the ground that they had been misled and deceived in entering their pleas of guilty. They asserted that they had not obtained counsel, upon an agreement with the

prosecutor and the sheriff that they were to be paroled. Testimony on the issue raised was heard by the court. The court overruled this motion and an appeal was taken by both defendants. This court reversed the judgment and remanded the cause in each case upon the grounds "that defendant entered a plea of guilty under a misapprehension as to his rights in the premises and on account of being misled." [State v. Dale, 282 Mo. 663, 222 S. W. 763; State v. Meyer, 222 S. W. 765.]

Upon the trial of this case appellant objected to any evidence of the alleged confession, upon the ground that same was involuntary. The objection was overruled and with corroborating evidence the case was submitted to a jury which returned the following verdict:

"We, the jury, find the defendant guilty of robbery in the first degree and we assess his punishment therefor at five years' imprisonment in the penitentiary."

Other pertinent facts will appear in the course of the opinion.

I. Appellant invokes the decision of this court on the former appeal as constituting the law of the case and conclusive on the same facts in the second trial. We have a right to compare this record with the former one (State v. Powell, 266 Mo. 100, l. c. 106) and ascertain whether the same question was before the court in the first trial as in the second trial. The only question before the court when here first was: Had appellant been deceived or misled into entering a plea of guilty? This court found that he had been misled, and invoked the rule laid down in the case of State v. Stephens, 71 Mo. 535, to the effect that "courts have always been accustomed to exercise a great deal of care in receiving pleas of guilty, in prosecution for felonies, to see that the prisoner has not made his plea by being misled, or under misapprehension or the like." It will thus be seen that in the former case no question was raised as to the voluntary or involuntary nature of the confession, but the question here was wheth-

**Former Appeal: Different Question.**

er *appellant had been misled in entering his plea of guilty.*
The question on this record is: Did appellant voluntarily
implicate himself in the commission of the crime?

II. The trial court properly excluded the jury while
he determined the preliminary question as to the ad-
missibility of the confession made to the sheriff and
prosecuting attorney. [State v. Patterson, 73 Mo. 695.]

Whether a confession is voluntary or involuntary
depends upon the character, age, sex, disposition and
past experience of the accused (State v. Powell, 258 Mo.
239, 167 S. W. 559), and we should emphasize the rule to

Confession:
Voluntary or
Involuntary.

the effect that there was no impropriety in
the officers interrogating appellant and his
accomplice with respect to their participa-
tion in the crime. [State v. Thomas, 250 Mo.
189, 1. c. 210, 211, 157 S. W. 330.] And even if they used
cunning artifice, falsehood and deception, still the con-
fession would not be rendered inadmissible. [State v.
Phelps, 74 Mo. 128, 1. c. 136; State v. Jones, 54 Mo. 478.]

Appellant may have been misled into entering a plea
of guilty and yet he may have voluntarily confessed his
part in the crime, in which event his extra-judicial state-
ments could be used against him and, if supported by
independent proof of the *corpus delicti,* he may be con-
victed. [State v. Cox, 264 Mo. 408, 175 S. W. 50.] If
any promises were made to appellant after his confes-
sion, it would not render such confession involuntary and
objectionable as evidence.

Reverting to the record we find the following ques-
tions and answers propounded to and returned by ap-
pellant in his testimony:

"Q. Wasn't the statement made to you that it
would be in your best interest to be a man and tell the
truth about it? A. The only thing that caused me to
*sign* it was what you told me, you would see that I got
out on parole, and that you were one of my friends, and
that's all that caused me to *sign* it; if it hadn't been for
that, I wouldn't have *signed* it."

And again upon examination by the court:

"THE COURT: And agreed to plead guilty? A. *Yes, sir, I was to receive a parole if I signed the confession.*"

And upon cross-examination of Virgil Dale the following transpired:

"THE COURT: He said, you boys just as well go on and plead guilty? A. That was before this, after they got done questioning me and promised to get us on parole, if *we pleaded guilty,* and I asked him if I could get out that night, and he said, No, it was too late.

"MR. RUSSELL, counsel for defendant: Q. That's after you made this confession? A. Yes, sir."

There was other testimony tending to show that *if promises were made to appellant it was after the alleged admissions and in consideration that he would sign the confession and enter a plea of guilty.* That was the question adjudicated here in the former case.

"The law is settled now that a confession to be inadmissible must be made to an officer of the law, in consequence of improper influences exerted by him, and if no threat of harm or promise of wordly advantage be made by such official, or by the master of the accused when directly concerned, the confession is admissible." [State v. Phelps, supra; State v. Hopkirk, 84 Mo. 278; State v. Brooks, 92 Mo. 542; State v. Meyers, 99 Mo. 107; State v. Hedgepeth, 125 Mo. 14; State v. Brennan, 164 Mo. 487; State v. Jones, 171 Mo. 401; State v. Spaugh, 200 Mo. 571; State v. Brooks, 220 Mo. 74.]

No written or signed confession was offered in evidence. The sheriff and prosecuting attorney testified to oral admissions.

There was substantial testimony to warrant the court in submitting to the jury the question on the confession, and the court did this in five full and fair instructions, four of which were given at the instance of appellant. This was proper. [State v. Brooks, 220 Mo. l. c. 84.]

Counsel for appellant urges strongly here the case of State v. Powell, 266 Mo. 100. That case was an adjudication on the subject of a confession in accordance with

rulings made when said case was here on a former appeal (State v. Powell, 258 Mo. 239), and by reference to the facts of that case it will be noted that they differ materially from the facts here. In that case a colored boy was kept up to a very late hour of the night and vigorously interrogated; he appeared to be "tired and worn out from the strain," and this fact, considered with the repeated statement that it would "help him to tell the truth," coerced a confession from unwilling lips and was objectionable. In the case at bar the interrogations were not prolonged and the testimony is undisputed that there was friendliness between the officials and appellant, without overpersuasion.

The jury upon proper instructions necessarily found that there were no threats or promises made by the officers to compel the admission, and absent such threats and promises an admission or confession is admissible. [16 C. J. p. 721; State v. Brooks, 220 Mo. 74, 119 S. W. 353; State v. Spaugh, supra, 98 S. W. 55; State v. Hedgepeth, supra, 28 S. W. 160; State v. Patterson, supra; State v. Lee, 231 S. W. 619.] And here it was a jury question.

III. Appellant complains that he was subjected to a cross-examination of such nature as to deny him the protection vouch-safed by Section 4036, Revised Statutes 1919. Appellant in his own behalf testified that on the night of February 21, 1919, he was arrested and taken to jail and his testimony in chief was limited by him and his counsel to an effort to show the involuntary nature of his admissions. The cross-examination by the State's attorney was limited strictly to the subject-matter covered by the examination in chief, which was proper. [State v. Barrington, 198 Mo. 23, 95 S. W. 235.] The examination by the State's attorney should not be limited to a categorical review of subjects covered in direct examination. [State v. Miller, 156 Mo. 76, 56 S. W. 907.]

Cross-Examination.

The matters complained against by appellant do not constitute error, and the judgment of the lower court is accordingly affirmed. *Railey* and *White, CC.*, concur.

PER CURIAM:—The foregoing opinion by REEVES, C., is adopted as the opinion of the court. All of the judges concur.