|108  611|
|131  872|

THE STATE v. CAMPBELL, *Appellant.*

DIVISION TWO.

1. **Criminal Law :** GRAND LARCENY : SUFFICIENCY OF EVIDENCE. Evidence that the defendant, claiming to have purchased a stray cow that had been taken up and advertised by another, drove the same into her lot, and the testimony of the alleged vendor that he had not made the sale, are sufficient to support a verdict finding her guilty of grand larceny.

2. ———— : ————. An instruction condemned as being too abstract.

*Appeal from Barry Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

REVERSED AND REMANDED.

*W. Cloud* and *F. D. Steele* for appellant.

(1) There was no evidence to show that the cow was ever stolen by anyone. The evidence tends to show that there was a cow that might have been Rodgers' running around defendant's premises from April till November, 1889. The evidence further tends to show that the defendant bought such a cow from a man by the name of Fisher, but failed to show that she ever made any disposition of said cow in any manner, but upon the contrary it tends to show that a man by the name of Waters, with which the defendant had no connection whatever, sold the cow to one Milt Dabbs on the seventeenth of November, and while the defendant was in the county jail on another charge. (2) The court instructed the jury in the language of the indictment without telling them what it took to constitute the elements of the offense of larceny. It is suggested that it being the duty of the court to hypothetically submit to the jury the facts which the evidence tended

to prove which would have amounted to the offense charged, and not leave to the jury the question of both fact and law as to whether larceny had been committed by the defendant. (3) The court in refusing the defendant's instructions which submitted to the jury whether the property was taken feloniously or otherwise was undoubtedly in error. *State v. Moore*, 101 Mo. 316.

*John M. Wood*, Attorney General, for the State.

(1) I have not been furnished with a brief on the part of appellant, and can only look to the motion for a new trial to ascertain the points upon which she might rely for a reversal. As to the evidence, there is no question but that it warranted the verdict returned in this case, and the verdict agrees with the law as declared by the court. (2) Instructions 1, 2 and 3, given on the part of the state, properly declared the law, and were all that was required under the indictment and testimony in the case. No error was committed in refusing any instruction asked by the defendant. (3) There were no exceptions saved to the admission or rejection of the testimony. The cause was fairly tried, and the judgment should be affirmed.

MACFARLANE, J.—Defendant was jointly indicted with one E. V. Watson, for the larceny of a cow, the property of Valentine Rodgers. She was granted a severance, and upon a trial was found guilty and sentenced to imprisonment in the penitentiary for two years, and from the judgment she appealed to this court.

I. Defendant insists, in the first place, that the verdict and sentence were not authorized under the evidence. To this proposition we cannot agree. The evidence shows that the cow strayed away from the owner in the spring of 1889. In November, 1889, she was taken up and advertised as a stray by Thomas

Avis. The next day defendant, who lived within half a mile of Avis, drove the cow into her lot and claimed to be the owner of her. Told Avis and others that she had bought her from a man named Fisher. Only one man of the name of Fisher was introduced as a witness; he testified that he knew no other man by the name in the county, and he himself had not sold plaintiff the cow. The evidence tended to prove that the cow was in the neighborhood during the summer, and was known to defendant as a stray. The proof of the assertion was unquestioned. There was also evidence tending to prove that defendant had the cow in her exclusive possession prior to taking her from Avis.

From this brief outline of the facts it will readily be seen that the evidence tended to prove every substantive fact necessary to make the crime of grand larceny, and was sufficient to justify the verdict of guilty.

II. The court instructed the jury in substance that if they should believe from the evidence that the defendant, Mrs. A. A. Campbell, within three years before April, 1890, in Barry county, Missouri, stole, took and carried away a cow, the personal property of the witness, Valentine Rodgers, they should find her guilty and assess her punishment at imprisonment in the penitentiary for not less than two, nor more than five, years, and "unless you believe and find that she stole, took and carried away the cow you will find her not guilty." No instruction was given more specifically defining grand larceny, or the facts necessary to constitute that crime under the evidence.

Defendant asked, and the court refused, instructions to the effect that, unless defendant intended to deprive the owner of his property in the cow, she would not be guilty; and if her possession was in good faith, and under claim of title, she would not be guilty.

Under the circumstances in this case we are of the opinion that the instruction given the jury was too

abstract to give them a proper guide under which to determine whether the facts proved constituted grand larceny. The issue was upon the intent with which the cow was taken. The words, "took, stole and carried away," do not even define grand larceny as particularly as is done by the statute, or as is required, in order to make a sufficient charge in an indictment. The statute uses, and an indictment is required to use, the qualification that the act must have been done with a felonious intent. They should have been told what would have constituted a felonious taking under the law; the taking must have been without right, and with the intention of converting the cow "to a use, other than that of the owner, without his consent." Under the guidance of the instructions given it was not necessary in order to have found a verdict of guilty that the taking should have been wrongful or with a felonious intent, except so far as the words, "steal, take and carry away," may have implied a felony in the minds of the jurors. *State v. Moore*, 101 Mo. 320; *State v. Gresser*, 19 Mo. 248; *Witt v. State*, 9 Mo. 663; *State v. Shermer*, 55 Mo. 86; *State v. Owen*, 78 Mo. 371; *State v. Ware*, 62 Mo. 597.

Judgment reversed and cause remanded. All concur.