## THE STATE v. ED ARMSTRONG, Appellant.

**Division Two, May 14, 1907.**

1. **CONFESSION: Presumed To Be Voluntary: Evidence.** A confession is presumed to be voluntary until the contrary is shown. And where defendant testifies that he made the confession under threats and promises, and witnesses for the State, who were present when the confession was made, testify that there were no threats or promises, the trial court is in a better position than is the appellate court to determine whether or not the confession was voluntarily made.

2. ————: **Made to Officer.** The fact that the confession is made to an officer or in the presence of an officer, after defendant has been arrested, is not of itself sufficient to warrant the court in excluding it.

Appeal from Jackson Criminal Court.—*Hon. B. J. Casteel,* Special Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

"The presumption is that confessions have been freely made until the contrary appears." People v. Barker, 60 Mich. 295; State v. Myers, 99 Mo. 119; Com. v. Culver, 126 Mass. 464; 1 Chitty's Crim. Law, 571; Roscoe's Crim. Evidence, 43; 3 Rice on Crim. Evid., sec. 309. The fact that the confession was made to an officer, or in the presence of an officer, after the defendant had been arrested, did not tend to prove that any undue influence was used, or that any threats were made or promises were held out. State v. Jones, 171 Mo. 406; State v. Brennan, 164 Mo. 487; State v. Guy, 69 Mo. 432; State v. Simon, 50 Mo. 372; State v. Davis, 53 Pac. 682.

FOX, P. J.—This cause reaches this court by appeal on the part of the defendant from a judgment of the criminal court of Jackson county, convicting the defendant of fraudulently voting under the name and in the place of one Ben Trimble, who was a legally qualified and registered voter. The information was filed on the 27th of April, 1905, and the cause was continued until June, 1906, when Judge Wofford, the regular judge of that court, disqualified himself, and Judge Casteel was invited to try the case. The defendant was tried on the 7th of June, 1906. Upon the trial the evidence as introduced by the State tended to prove that on the 8th day of November, 1904, a general election was held in Kansas City, Missouri, for the election of county and State officials, and that one Ben Trimble was a duly qualified and registered voter of Kansas City, residing at 1406 East Fourteenth street, which was within the sixth precinct of the ninth ward of said city; that on said day the defendant ap-

peared at said precinct, gave his name as Ben Trimble, asked for and procured a ballot, and returned the same to the judges, still saying that his name was Ben Trimble. Certain challengers present, having reason to believe that the defendant was not the person he claimed to be, followed him out into the alley and up behind a livery stable, where he stated to them and to the officers who went with them that his name was Ed Armstrong. When asked if he had not voted in the name of Ben Trimble, the defendant denied the same. The defendant was arrested and taken to police headquarters, where he admitted to various persons that he had voted under the name of Ben Trimble, and thereupon made the following confession:

"Kansas City, Mo., Nov. 9, 1904.

"My name is Ed. Armstrong. I was born in Independence, Mo. I live at 1609 E. Thirteenth street. I voted my right name in the fifth precinct of the ninth ward. I then drove to a livery stable at 1426 Virginia, with Jno. Brown, Walter King, another colored man and two white men. One of the white men I took to be a Jew. In the livery stable he gave out cards to five or six colored men, among whom were Walter King and Jno. Brown, and told them he would pay them if they would impersonate those names and vote those named for the straight Democratic ticket. I had previously gotten my card from a white man out on the street. My card had the name of Ben Trimble, 1406 E. Fourteenth street. I went to the sixth precinct of the ninth ward with Jno. Brown, Walter King, another colored fellow and this white man who gave out the slips. We drove to the livery stable in a surrey drawn by gray horses, and this man sat on the seat with the driver. At the polling place I voted the straight Democratic ticket in the name of Ben Trimble. The white man who gave out these slips in the livery stable, and who rode on the seat with the driver, is

the same man whom I asked while he was standing in front of the police box, at Fifteenth and Virginia, for tobacco, with which to make a cigarette, and who informed me that he had no tobacco and gave me a nickel to buy it. The gentleman whom I now see, and who claims to be Bob Owens, was standing near us at the time of this last occurrence, and afterwards talked to the man who gave me the nickel.

"ED. ARMSTRONG.

"Witnesses:
"J. E. Goodrich,
"A. O. Harrison,
"Buchholz,
"Officer Julian."

The State's evidence further tended to show that this confession was voluntary and made without any promises or threats.

The defendant's evidence tended to show that this confession was extorted from him, and that the same was not voluntary; that while he signed the written statement, he did not read it over, and no one read it to him in full. The defendant further testified that he did not vote at said precinct under the name of Ben Trimble, and did not vote at all.

At the close of the evidence the court fully instructed the jury upon every phase of the case to which the testimony was applicable. We have carefully read the instructions as given by the court and deem it unnecessary to reproduce them here. The cause being submitted to the jury upon the testimony as offered and the instructions of the court, they returned a verdict finding the defendant guilty as charged in the information and assessed his punishment at two years in the State penitentiary. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. Judgment was entered in conform-

ity to the verdict and from this judgment the defendant prosecuted this appeal, and the record is now before us for consideration.

### OPINION.

Appellant is not represented in this court; therefore, in obedience to the provisions of the statute we have carefully analyzed the entire record with the view of ascertaining if there was any error committed by the trial court in the disposition of this case. The information upon which this judgment rests was duly verified by the prosecuting attorney and is in good form, charges every essential element of the offense as defined by the statute, and is in harmony with precedents which have met the approval of this court. We have carefully considered the instructions given by the court and find that they are a clear and eminently fair and just presentation of the law applicable to the case and extremely favorable to the defendant upon the facts developed at the trial. We have taken the pains of going through the record to ascertain if there was any error committed in the admission or exclusion of evidence, and it is sufficient to say that we find no reversible error. In view of the testimony which so unerringly points to the guilt of the defendant, the errors complained of by the appellant in the exclusion of testimony on his part were harmless and fall far short of affording reasons for the reversal of this judgment.

Appellant complains of the admission of his confession, as indicated in the statement of this cause, for the reason, it is asserted, that this confession was not a voluntary one and therefore inadmissible. The trial court made the preliminary inquiry as to the conditions surrounding the making of this confession and held that the State made a sufficient showing to admit it in evidence. Witnesses Harrison and Goodrich testified

for the State that no inducements were held out to the defendant and no threats made to bring about this confession. This testimony, together with the presumption that the confession was freely made until the contrary appears, was a satisfactory basis for the ruling of the court that it was admissible. While it may be said that the defendant testified that threats and promises were made and that he never read the confession and that it was not read over to him and that he did not fully understand it, yet we feel that the trial court was in a far better position, having the witnesses before it, to determine that question than this court, which has nothing but the cold recitals in the record detailing what the witnesses said. There was nothing in the nature of this confession or the way in which it was made that rendered it inadmissible. A confession is presumed to be voluntary unless the contrary is shown, or something appears in the confession or its attendant circumstances to combat such presumption. [State v. Meyers, 99 Mo. l. c. 119; State v. Patterson, 73 Mo. 695; State v. Hopkirk, 84 Mo. 278.] The fact that the confession was made to an officer or in the presence of an officer after the defendant had been arrested, is not sufficient to warrant the court in excluding the confession. The proof of such facts did not establish the ultimate fact that undue influence was used or threats made or promises held out in order to secure the confession. [State v. Jones, 171 Mo. l. c. 406; State v. Brennan, 164 Mo. 487; State v. Guy, 69 Mo. l. c. 432; State v. Simon, 50 Mo. l. c. 372.]

We deem it unnecessary to discuss the testimony developed at the trial. We have indicated substantially the nature and character of it in the statement of this cause and it is apparent that, if the jury believed the witnesses testifying for the State, no other conclusion could have been reached by them than the one indicated

by their verdict. We have carefully considered the testimony as disclosed by the record and it fully supports the conclusion reached by the jury, and we see no escape from the result in this cause that the judgment of the trial court should be affirmed, and it is so ordered.

All concur.