THE STATE v. GEORGE REICH, Appellant.

Division Two, April 7, 1922.

1. **ROBBERY: Information: Motion to Elect.** An information based on Section 3307, Revised Statutes 1919, charging robbery in the first degree by violence to the person "and" by putting in fear is proper, where the testimony shows the robbery was committed in that way; and a motion to require the State to elect, on the ground that the allegations were repugnant and duplicitous, was properly overruled.

2. ———: **Ownership of Property.** Where an information for robbery in the first degree charged the robbery as having been committed upon a certain named person, testimony was admissible which showed that such person was the cashier of a company that owned the money which was the subject of the robbery, and that such person had possession of the money as such cashier.

3. ———: ———: **Nature and Cause of Accusation.** In such case it was not necessary that the information should allege that the named person was cashier of such company and had possession of the money, which was the subject of the robbery, in that capacity, in order to inform defendant of the nature and cause of the accusation against him, as required by Section 22, Article II, of the Constitution, notwithstanding the amendment of 1903 (Laws 1903, p. 162) embodied in Section 3307, Revised Statutes 1919.

4. ———: **Conspiracy: Order of Proof.** Where defendant was charged with robbery in the first degree, jointly with others, the order of proof of the acts and declarations of the conspirators rested largely in the discretion of the trial court, and it might allow the prosecution to prove the acts and declarations of one, made and done in the absence of the others, before proving the conspiracy, provided the proof was afterwards made.

5. ———: **Aiding and Abetting.** Defendant, charged jointly with others, with robbery in the first degree, was guilty, without any showing of a conspiracy, where the proof was that he and one of the others remained in an automobile, driven by defendant, at a convenient distance from the place where two of the others committed the robbery, and that the latter, after the robbery, returned to the automobile and were driven rapidly away by defendant.

6. **CONFESSION: Presumption.** A confession by the defendant in a criminal prosecution is presumed to be voluntary until the contrary is shown. And in this case there was no error in admitting the testimony of a police officer in relation to a confession made by defendant, in his presence, while under arrest, without first requiring preliminary proof that such confession was voluntary.

7. ————: ————: **Denial by Defendant: Jury Question.** Where the evidence for the State in a criminal prosecution is to the effect that a confession made by defendant was voluntary, the denial of such confession by defendant or evidence in h's behalf that it was extorted by violence, merely raises a question to be determined by the jury.

8. ————: **Statement by Accomplice: Corroboration.** The statements of an accomplice of defendant, charged with robbery in the first degree, made in the presence of defendant and to a police officer, who had heard defendant's own confession, were admissible in evidence against defendant, as corroborating him and, if their admission was error at all, it was harmless.

9. **RES GESTAE: Robbery: Hiding Pistols.** It was not error for the trial court to admit testimony for the State that two of defendant's accomplices, jointly with whom he was charged with robbery in the first degree, had, within an hour after such robbery, left revolvers at the place of business of a certain man, such act being so closely connected with the felony as to be a part of the *res gestae*, and being obviously designed to cover up and conceal the fact that defendant and his associates had perpetrated the robbery, and therefore tending to corroborate the other evidence of the crime and defendant's participation therein.

10. **INSTRUCTIONS: Objections: Motion for New Trial.** Complaint of the giving of instructions in a criminal prosecution, made for the first time in a motion for new trial, comes too late, such instructions having been given without objection or exception at the time.

11. ————: **Failure to Give: No Requests.** Defendant in a criminal prosecution cannot complain of the failure of the trial court to give any specific instructions to the jury, or of its failure to submit to the jury, by appropriate instructions, his theory of the case, where no requests for such instructions were made by him and he did not, at the time, call the court's attention to any question of law arising in the case upon which the court had failed to instruct, and did not except, at the time, to the court's failure to give the instructions he deemed necessary.

12. **ARGUMENT TO JURY.** Defendant, in a prosecution for robbery in the first degree, was not injured by the trial court's telling the jury to follow the evidence in the case, where such statement was made in response to a colloquy between counsel for the State and counsel for defendant wherein the former, in his argument to the jury, censured the latter for assailing the integrity of a witness for the State and the latter denied the charge.

13. **VERDICT: Robbery.** The verdict was sufficient, which, in a prosecution of defendant for robbery in the first degree, found defendant guilty of robbery in the first degree as charged in the information, and assessed his punishment at imprisonment in the penitentiary for twenty years.

Appeal from St. Louis City Circuit Court.—*Hon. Robert W. Hall,* Judge.

AFFIRMED.

*Jesse W. Barrett,* Attorney-General, and *Albert Miller,* Assistant Attorney-General, for respondent.

(1)   The information is sufficient. It contains all necessary averments required to properly charge the crime of robbery in the first degree and fully informs the defendant as to the charge he must meet. Sec. 3307, R. S. 1919; State v. Lamb, 141 Mo. 301; State v. Calvert, 209 Mo. 286; State v. Flynn, 258 Mo. 219; State v. Williams, 183 S. W. 309. (2) The motion to elect was properly overruled. (a) Sec. 3307, R. S. 1919, defines but a single offense of robbery, but sets out two methods of perpetrating the one crime defined. The information charges, in the conjunctive, that the offense was committed in both ways. They not being inconsistent with or repugnant to each other, the pleading is not duplicitous. State v. Flynn, 258 Mo. 219-224; State v. Williams, 183 S. W. 309.   (b)  It is not necessary in a robbery case that the information charge who was the actual owner of the money taken. State v. Williams, 183 S. W. 310; State v. Carroll, 214 Mo. 400, 402; State v. Montgomery, 181 Mo. 29. (3) The court did not commit error in permitting the State to introduce evidence to

293 Mo.—27

the effect that Cora M. Kinder was cashier of the Pevely
Dairy Company, and that as such she had the care, con-
trol and custody of the money in question; and that said
money was held by her for the Pevely Dairy Company.
State v. Williams, 183 S. W. 310; State v. Carroll, 214
Mo. 400; State v. Montgomery, 181 Mo. 24. (4) The
admission in evidence of the acts, conduct and statements
of co-defendants, Brendle and Benson, while engaged in
the robbery, was not error. (a) Appellant was con-
structively present when the robbery was committed,
and actually aiding and abetting at the commission of
the crime. State v. Walker, 98 Mo. 110; State v. Nelson,
98 Mo. 417; State v. Crab, 121 Mo. 565. (b) When two
or more persons combine or associate together for the
prosecution of some fraudulent or illegal purpose, the
acts and declarations of any one of them made in fur-
therance of the common purpose, and forming a part of
the *res gestae,* are admissible as evidence against the
others. Clark v. State, 28 Tex. App. 197; State v. Glid-
den, 55 Conn. 78; State v. Gatlin, 170 Mo. 362; State v.
Collins, 181 Mo. 261; State v. Darling, 199 Mo. 201;
State v. Bobbitt, 228 Mo. 266; State v. Potts, 239 Mo.
411. (c) The prosecution may prove the declarations
and acts of one of the parties to a conspiracy made and
done in the absence of the others, before proving the
conspiracy, provided the proof is afterwards made. State
v. Ross, 29 Mo. 51; State v. Walker, 98 Mo. 104; State
v. Miller, 191 Mo. 608. (d) The order of proof of a con-
spiracy with reference to the introduction in evidence of
the acts and declarations of the alleged co-conspirator,
must be left largely to the discretion of the trial judge.
State v. Fields, 234 Mo. 623; State v. Miller, 191 Mo. 608;
State v. Walker, 98 Mo. 104. (5) The court did not com-
mit error in permitting O'Brien, a police officer, to tes-
tify to the confession or admission of the defendant with-
out preliminary proof on part of the State that it was
voluntary. (a) A confession is prima-facie presumed
to be voluntary unless the contrary is shown. State
v. Patterson, 73 Mo. 705; State v. Meyers, 99 Mo. 119;

State v. Jones, 171 Mo. 406; State v. Woodward, 182 Mo. 411; State v. Armstrong, 203 Mo. 559. (b) The fact that the confession was made to an officer or in the presence of an officer after the defendant had been arrested is not sufficient to warrant the court in concluding the confession. State v. Armstrong, 203 Mo. 559; State v. Woodward, 182 Mo. 411; State v. Brooks, 220 Mo. 83; State v. Raftery, 252 Mo. 80. (c) The fact that defendant testified he did not make the confession, or that he was punched and kicked at the police station, did not overcome the prima-facie case and the testimony of the officers. He had the full benefit of his evidence before the jury. State v. Jones, 171 Mo. 406; State v. Stebbins, 188 Mo. 397; State v. Church, 199 Mo. 631; State v. Brooks, 220 Mo. 84. (6) The court did not commit reversible error in permitting O'Brien to testify to statements alleged to have been made by co-defendant Brendle, in the presence of the defendant and while he was under arrest. (a) Brendle merely corroborated the statements then and there made by defendant. (b) The admission of such testimony was harmless. The defendant on trial could not have been injured thereby. State v. Howard, 102 Mo. 149; State v. Franke, 159 Mo. 540; State v. Baldwin, 214 Mo. 302; State v. Lehman, 182 Mo. 424. (7) The court did not commit error in permitting the State to introduce the testimony of witness Gleason concerning the leaving of two revolvers at his place of business by co-defendants Benson and Brendle, while the participants in the crime charged, including the defendant on trial, were together and fleeing from the scene of the robbery. (a) Acts and declarations occurring after the accomplishment of the object of the conspiracy are admissible when they are so closely connected with the accomplishment of the offense as to form a part of the *res gestae*. Martin v. State, 89 Ala. 120; Wright v. State, 10 Tex. App. 477. (b) Acts and declarations made after the accomplishment of the unlawful purpose are admissible to corroborate a confession made by a co-conspirator. State v. Ken-

nedy, 154 Mo. 284; Wright v. State, 10 Tex. App. 477. (c) Acts of the parties, although after the consummation of the crime, done for the purpose of escaping detection, are admissible. State v. Kennedy, 154 Mo. 284; Barber v. State, 69 S. W. 515; State v. Shields, 45 Conn. 263; Carter v. State, 106 Ga. 376; Byrd v. State, 68 Ga. 662. (8) The court did not commit reversible error in the giving of instruction No. 1, in this case. State v. Dockery, 243 Mo. 596; State v. Calvert, 209 Mo. 288; State v. Flynn, 258 Mo. 219-224. (9) Appellant's assignment of error that, "It was error not to have specifically submitted to the jury in an appropriate instruction the question of the actual existence of a conspiracy," is not before this court for review. (a) The record fails to show that defendant offered or requested such instruction, and fails to show that defendant excepted at the time to the failure of the trial court to instruct specifically on the subject-matter of "conspiracy," or on "all the law of the case." State v. Pfeifer, 267 Mo. 29; State v. Goldsby, 215 Mo. 57; State v. George, 214 Mo. 270; State v. Espenschied, 212 Mo. 222; State v. Barnett, 203 Mo. 659. (b) Appellant is not charged with the crime of conspiracy. Sec. 3490, R. S. 1919; State v. Carroll, 232 S. W. 702. (10) The verdict is in proper form and responsive to the issues. Sec. 3307, R. S. 1919; State v. Meyers, 99 Mo. 116; State v. Blunt, 110 Mo. 339; State v. Lovitt, 243 Mo. 522; State v. Jourdan, 225 S. W. 907.

REEVES, C.—Convicted of robbery in the first degree and sentenced to twenty years' imprisonment in the penitentiary, defendant appeals.

On the afternoon of the 7th of June, 1920, appellant, with James Benson, James Brendle and Arthur Germer, who were jointly charged with him, appeared at the branch office of the Pevely Dairy Company, 5675 Delmar Avenue, in the city of St. Louis, and robbed the cashier, Cora M. Kinder, of one thousand, five hundred and fifty dollars. On the same afternoon all of the defendants

were apprehended, and appellant confessed his part in the robbery. It appears from the testimony that Brendle and Benson went into the place of business of the said Dairy Company, while appellant and Germer remained in an automobile, driven by appellant, a short distance from the place of the robbery, and that after the robbery had been committed Benson and Brendle returned to the automobile and were driven rapidly away.

The information, following the language of the statute, charged the defendants with having robbed the said Cora M. Kinder by violence and by putting her in fear. Prior to the trial appellant moved to require the State to elect, on the ground that such allegation was repugnant and duplicitous. This motion was overruled and this, amongst other complaints, is urged as error.

During the trial, objection was made to testimony tending to show that the Dairy Company owned the money taken and not Cora M. Kinder, who was named in the information as the owner. The court admitted the testimony and this also is urged as error. Other facts will be noted in the course of the opinion.

I. Appellant's motion to elect was properly overruled. The information charged that the defendants "with force and arms, in and upon one Cora M. Kinder feloniously did make an assault; and the said Cora M. Kinder, in fear of an immediate injury to her person, then and there feloniously did put," etc. Section 3307, Revised Statutes 1919, under which said information was filed, says that "every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person," etc.

Motion to Elect.

The information followed the statute, using the conjunctive "and" instead of the disjunctive "or," which was proper. The testimony showed that the robbery was committed both by putting Cora M. Kinder in fear

and by violence to her person. One felony was committed in two different ways. [State v. Eddy, 199 S. W. 186; State v. Flynn, 258 Mo. 211, 167 S. W. 516.]

II. The court did not err in the admission of testimony that Cora M. Kinder was cashier of Pevely Dairy Company and only had possession of the money in that capacity. [State v. Williams, 183 S. W. 308.] In the Williams Case one Jacob Auer was agent for the Wabash Railroad Company at Carrollton. The appellant in that case robbed the cash drawer, after having shot Auer while standing by the stove in the Ladies' Waiting Room. Information in that case, as here, charged the defendant with having robbed one Jacob Auer, whereas the proof showed that the property taken belonged to the Wabash Railroad in charge of Auer as agent. It was ruled that such proof was admissible. [State v. Carroll, 214 Mo. 392; State v. Montgomery, 181 Mo. 19.] This ruling, both on the question of the duplicitous nature of the information and the seeming variance in the proof, did not infringe upon the right of the accused "to demand the nature and cause of the accusation," as provided by Section 22, Article II, of our Constitution, as contended by appellant.

*Ownership.*

III. In the progress of the trial, the State undertook to prove the *corpus delicti* before showing appellant's connection with the robbery. Objection was made by his counsel on the ground that the acts and conduct of his accomplices were not binding upon him until it appeared prima-facie to the court that he had engaged with those actually perpetrating the robbery in the common plan and purpose to accomplish it, or that he was one of the conspirators. Upon the assurance from the State's attorney that such testimony would be "connected up" the objection was overruled. This is urged as error.

*Order of Proof.*

In the case of State v. Walker, 98 Mo. 95, it was said:

State v. Reich.

"Where a crime is perpetrated by several persons, it is necessary to show a combination or conspiracy in order to make the acts and declarations of one the acts and declarations of all. It is for the court, in the first place, to say whether there is any evidence of a conspiracy, and for the jury to determine whether there was one, and its objects. Again, it is a matter resting largely in the discretion of the trial court as to when that proof shall be offered. The prosecution may prove the declarations and acts of one, made and done in the absence of the others, before proving the conspiracy, provided the proof is afterwards made. . . . It is therefore not material at what time the proof of a conspiracy was made."

It was said again in the case of State v. Fields, 234 Mo. 615, that "it is a principle of law in criminal procedure that the order of proof of a conspiracy, with reference to the introduction in evidence of the acts and declarations of the alleged co-conspirator, must be left largely to the discretion of the trial judge."

In case of a conspiracy, if one of the conspirators accomplishes the purpose, all of the others are equally guilty; though not even present or participating (State v. Porter, 199 S. W. 158). The court did not err in permitting this order of proof. In this case, moreover, appellant aided and abetted Benson and Brendle in committing the robbery by remaining at a convenient distance, in order to favor their escape. This rendered him guilty without any showing as to a conspiracy. [State v. Porter, supra, 1. c. 161; State v. Darling, 216 Mo. 450, 1. c. 459, 115 S. W. 1002; State v. Hayes, 105 Mo. 76, 16 S. W. 514.]

In State v. Walker, supra, 1. c. 110, the court in defining an aider and abettor quoted as follows:

"If he watched for his companions in order to prevent surprise, or remained at a convenient distance in order to favor their escape, if necessary, or was in such a situation as to be able readily to come to their assist-

ance, the knowledge of which was calculated to give additional confidence to his companions, in contemplation of law he was aiding and abetting.''

IV. Complaint is made to the admission of the testimony of Police Officer O'Brien in relation to a confession made by appellant in his presence while under arrest without first requiring preliminary proof that such confession was voluntary. It is to be noted that no objection whatever was made to the testimony at the time it was received, and a careful examination of the record shows that the confession was made without the use of threats or promises and that it was wholly voluntary. Moreover, a confession is presumed to be voluntary until the contrary is shown. [State v. Patterson, 73 Mo. 695; State v. Meyers, 99 Mo. 107; State v. Jones, 171 Mo. 401; State v. Woodward, 182 Mo. 391; State v. Armstrong, 203 Mo. 554; State v. Meyer, 293 Mo. 108.]

Confession.

Appellant's denial of his confession or that violence was used to extort it did not overcome the prima-facie case made by the State's evidence, and it became a question for the jury. [State v. Brooks, 220 Mo. 74; State v. Meyer, 293 Mo. 108.]

V. Statement made by James Brendle, an accomplice, was admitted in evidence over appellant's objections. These statements were made in the presence of appellant to the same police officers who had heard his own confession, and corroborated appellant's admissions. We cannot understand how this could harm appellant. He had already confessed his part in the robbery, and the statement of his accomplice only tended to corroborate him. If error at all, it was harmless. [State v. Moore, 235 S. W. 1056; State v. Baldwin, 214 Mo. 290; State v. Lehman, 182 Mo. 424.]

Statement of Accomplice.

VI. Complaint is made against the admission of testimony as to the act of two of appellant's accomplices in leaving revolvers at the place of business of one John

Gleason immediately after the robbery. This complaint
is untenable. It was entirely competent to
Res Gestae.        corroborate the other evidence of the crime
and appellant's participation therein by showing the acts
and declarations of his accomplices, even though not done
or said in his presence, where said acts or declarations
are so closely connected with the felony as to be a part of
the *res gestae.* [State v. Kennedy, 154 Mo. 268.]

The act in question, according to the testimony,
took place within an hour after the commission of the
robbery, and was obviously designed to cover up and
conceal the fact that appellant and his associates had
perpetrated it.

VII. Instruction numbered 1, given on behalf of
the State, is not before us for review, as no objection was
made by appellant to the giving of said in-
Instruction.        struction and no exception noted. Complaint
for the first time is made in his motion for a new trial,
and that was too late. [State v. Cantlin, 118 Mo. 100,
23 S. W. 1091; State v. Pfeifer, 267 Mo. 23.]

VIII. Neither can the appellant complain of the
failure of the court to give any specific instructions, as
no requests were made by him. [State v.
Failure to        Hilsabeck, 132 Mo. 348; State v. Cantlin,
Instruct.
supra; State v. Sacre, 141 Mo. 64; 41 S. W.
905; State v. Pfeifer, supra.]

IX. Appellant's complaint that the verdict was not
responsive to the issues and insufficient to sustain a
judgment is wholly without merit. The verdict is as
follows:

"We, the jury, in the above-entitled cause, find the
defendant guilty of robbery in the first degree, as charged
in the information, and assess the punishment at
Verdict.        imprisonment in the penitentiary for twenty
years.

"JOHN B. KRIEGER, Foreman."

The verdict finds him guilty as charged and assesses his punishment. This was sufficient. [State v. Jordan, 225 S. W. 905, and cases therein cited.]

X. Appellant, by his motion in arrest of judgment, attacks the information on the ground that it does not inform him of the nature and cause of the accusation against him. He cites no authorities, but says that it is insufficient because of the amendment to said statute of 1903. Said amendment makes it robbery in the first degree if "convicted of feloniously taking the property of another from the person of his wife, servant, clerk, or agent, in charge thereof," etc. We have hereinbefore indicated that the information here is not vulnerable upon the grounds intimated by appellant. The information followed the statute, and the same form has been repeatedly approved. [Sec. 3307, R. S. 1919; State v. Flynn, supra; State v. Williams, supra.]

*Information.*

XI. Appellant has not preserved for our review the alleged objectionable remarks made by the Assistant Circuit Attorney in his argument to the jury, except in a single instance, and that was in the closing argument. The Assistant Circuit Attorney censured appellant's counsel for assailing the integrity of one of the State's witnesses. Appellant's counsel denied that he had thus assailed the integrity of the witness in question and without waiting for a ruling of the court noted an exception, whereupon the court instructed the jury to follow the evidence in the case and no further complaints were made. Appellant was not injured by this statement, even if properly preserved for review.

*Argument to Jury.*

XII. Appellant's contention that his theory of the case should have been submitted to the jury by an appropriate instruction is not subject to review here, as he made no request for such instruction. [State v. Pfeifer, supra; State v. Goldsby, 215 Mo. 48.]

*Request for Instructions.*

If the defendant desired further instructions it was his duty to call the court's attention to any question of law arising in the case upon which the court had failed to instruct and to except at the time in the event of the court's failure to give the instructions he deemed necessary. [State v. Bond, 191 Mo. 555; State v. McCarver, 194 Mo. 717; State v. Weatherman, 202 Mo. 6; State v. King, 203 Mo. 560; State v. George, 214 Mo. 262, l. c. 267; State v. Espenschied, 212 Mo. 215; State v. Barnett, 203 Mo. 640.]

The same ruling should be made with respect to appellant's complaint that the court should have instructed the jury as to the circumstances under which appellant's confession was made. No objection was made to the evidence of this confession. No instruction was requested concerning it, and as stated no exception saved to the alleged failure of the court to instruct on all of the law arising in the case.

An examination of the instructions, however, discloses that the jury were fully and fairly instructed on all questions of law arising in the case, and an investigation of the entire record indicates that appellant was fairly tried, and finding no reversible error the judgment must be and is affirmed.

It is so ordered. *Railey* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion of Reeves, C., is adopted as the opinion of the court. All of the judges concur, except *David E. Blair, J.,* who concurs in result.