249 S.W.2d 371 (1952)
STATE
v.
FOSTER.
No. 42986.
Supreme Court of Missouri, Division No. 1.
June 9, 1952.
Shepard R. Evans, St. Louis, for appellant.
J. E. Taylor, Atty. Gen., Richard F. Thompson, Asst. Atty. Gen., for respondent.
HOLLINGSWORTH, Judge.
Defendant-appellant, upon trial by jury in the Circuit Court of the City of St. Louis, was convicted of robbery in the first degree and his punishment was fixed at imprisonment in the penitentiary for a term of ten years. Following the overruling of his motion for new trial, allocution, sentence and judgment in accordance with the verdict, he has appealed to this court.
Although represented by counsel at the trial, he is not so represented in this court and has filed no brief. Consequently, we will review the record proper and all valid assignments of error in the motion for new trial. State v. Miller, 357 Mo. 353, 208 S.W.2d 194, 196.
The motion undertakes to assign four grounds of error. Without regard, for the *372 moment, to their sufficiency, they are: (1) refusal of defendant's demurrer offered at the close of all the evidence, (2) refusal to declare a mistrial on ground of prejudice of the jury allegedly evidenced by the attempt of certain members thereof to propound questions to a witness, (3) the verdict is contrary to, and not supported by, the evidence, and (4) error in Instruction No. 1.
The evidence in behalf of the State was:
On November 18, 1950, Ruth Vornbrock was a bookkeeper for Automobile League, Incorporated, the office of which is located at 2611 Olive Street in the City of St. Louis. At 5:00 o'clock, p.m., preparatory to leaving for her home, she locked the front door of the office and switched the office lights off and the window light on. Some one knocked on the front door. She went there and opened it. A man, stating he was from the St. Louis Argus, asked about getting some insurance. She advised him she was the only person there and that the office was closed for the day. He then stepped inside, "drew" a knife on her, which he held in his left hand, grabbed her left hand with his right, forced her arm back of her shoulder, and forced her to the rear of the office. She had "a good look at him."
He said he wanted money. She told him she would have to get the key, but when released by him she went to the desk and dialed the telephone. He seized the phone, slapped her and told her he was going to kill her. She got the key, with it opened a filing cabinet and removed a petty cash box containing $49.88. He "batted" her around, forced her into another room, grabbed the box and took the money from it. He asked for her purse and when told it was on her desk, took from it $3 or $4 of her money and $19.50 belonging to the American Legion Welfare Fund. He then forced her into the rest room, ripped her jacket off, grabbed her skirt and tore it loose, causing it to fall to the floor; grabbed her blouse and ripped it off, wrenched her wrist watch from her arm, and said he was going to kill her "for sure". He then told her not to come out or he would kill her, left the rest room, placed something in front of the rest room door and left the office by the front door. Within a few minutes she reported the matter to the police. The whole affair lasted about ten minutes.
Defendant was arrested on November 22nd. Miss Vornbrock made positive identification of him at the police station and at the trial, stating that she could not be mistaken. At the trial she identified a torn jacket and torn skirt as clothing she was wearing at the time of the robbery, testified she had not worn them since, and that they were in the same condition as when they were ripped from her.
Defendant testified, denying any participation in or knowledge of the robbery, and that he was attending a motion picture show at the Comet Theatre from midafternoon of that day until about 6:30, p.m., after which he returned to his room and remained there until the next morning. He admitted a prior felony conviction.
When the jacket and skirt worn by Miss Vornbrock at the time of the robbery were admitted in evidence, Juror No. 9 stated: "Your Honor, I would like to ask the witness (Miss Vornbrock) a question", to which the Court replied, "That is not proper, Mr. Juror." Juror No. 8 then said, "Your Honor, was the button found belonging to that jacket?" The Court answered, "You are not to ask questions, gentlemen. It is up to counsel." Defendant's counsel moved for a mistrial on the ground of "the evident prejudice of the jury in insisting upon asking this witness questions", which motion the court denied.
The information charges that defendant "with force and arms, by means of a dangerous and deadly weapon, to-wit: a knife, in and upon one Ruth Vornbrock feloniously did make an assault; and the said Ruth Vornbrock in fear of an immediate injury to her person then and there feloniously did put, and by force and violence to her person" the hereinabove described moneys and watch of the named owners, in her personal custody, against her will, feloniously did rob, steal, etc. It charges in the conjunctive all of the elements of robbery in the first degree by *373 force and by putting in fear, section 560.120, RSMo 1949, V.A.M.S. and is sufficient. State v. Affronti, 292 Mo. 53, 238 S.W. 106, 109; State v. Reich, 293 Mo. 415, 239 S.W. 835, 836; State v. Albritton, 328 Mo. 349, 40 S.W.2d 676, 679. It also meets the requirements of the statute fixing a minimum penalty of five years in the penitentiary for conviction of robbery in the first degree by means of a dangerous and deadly weapon. Section 560.135, RSMo 1949, V.A.M.S.
The recital of the evidence shows its sufficiency. It clearly supports a finding of the forcible taking by defendant of the property described in the information and evidence from the person and in the presence of Miss Vornbrock by physical violence to her person and by means of a deadly and dangerous weapon. The demurrer was properly overruled.
The verdict found defendant guilty of robbery in the first degree with a deadly and dangerous weapon and assessed his punishment at imprisonment in the penitentiary for a term of ten years. The evidence warrants the finding. The punishment is within the limits fixed by the statute for first degree robbery by means of a dangerous and deadly weapon. Section 560.135, RSMo 1949, V.A.M.S.
The request of one of the jurors to ask Miss Vornbrock a question and the question asked the court by another juror do not, on the face of the record, at least, indicate any prejudice against defendant. The trial court, who both saw and heard this episode, evidently did not observe any indication of prejudice. No error is shown in the court's refusal to declare a mistrial.
The only error assigned to the giving of Instruction No. 1 is that it was "highly prejudicial to the defendant and prevented the defendant from having a fair and impartial trial". Obviously, it fails to "set forth in detail and with particularity" the error complained of as required by section 547.030, RSMo 1949, V.A.M.S., and preserves nothing for review. State v. Peterson, Mo.Sup., 154 S.W.2d 134, 138; State v. Heickert, Mo.Sup., 217 S.W.2d 561, 562; State v. Cooley, Mo.Sup., 221 S.W.2d 480, 484.
The trial proceedings are regular and the verdict and judgment in proper form.
Finding no error in the record proper or in the trial, the judgment is affirmed.
All concur.