STATE of Missouri, Respondent,

v.

Ray WILSON, Appellant.

No. 45005.

Supreme Court of Missouri.

Division No. 1.

Feb. 13, 1956.

Wm. Duke Hiett, Houston, for appellant.

John M. Dalton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., for respondent.

COIL, Commissioner.

Ray Wilson, defendant below, has appealed from a judgment convicting him of larceny of a motor vehicle pursuant to which he was sentenced to imprisonment in the penitentiary for a term of two years in accordance with the jury's verdict. Wilson contends that the information was fatally defective; and that the trial court erred in failing to sustain his motions for judgment of acquittal, in admitting certain evidence, and in giving an instruction.

Wilson was charged with the larceny of a motor vehicle under Section 560.-165 RSMo 1949, V.A.M.S. He contends that the information was fatally defective because it did not charge that he took the automobile with the felonious *intent to convert it to his own use without the consent of the owner*. It long has been held that an allegation like that above italicized is unnecessary in an information charging larceny. State v. Martin, 357 Mo. 368, 372 [1], 208 S.W.2d 203, 205 [1]. We see no reason to depart from the present law in that respect. The information did charge a felonious taking with intent to permanently deprive the owner of a described vehicle. The information was sufficient.

The state adduced substantial evidence from which a jury reasonably could have found that on January 12, 1952, a blue Plymouth (coach type) automobile belonging to one Randolph Truitt was stolen by defendant and two others. Randolph Truitt testified that he owned a 1937 blue Plymouth coach which he parked in Willow Springs, Missouri, on January 12, 1952; that that automobile was gone when he returned to get it; and that he never saw it again. Sergeant Barkley of the Highway Patrol testified that defendant admitted in an oral statement that defendant, Smith, and Haney had gone to Willow Springs for the purpose of stealing a car, that Haney had located a prospective car and advised defendant and Smith thereof, that the three viewed the car, and later, after Haney had driven it to the outskirts of Willow Springs, defendant and Smith drove it to Haney's farm, and the next day the three men "cut the car up" and hauled it to St. Louis where it was sold as "junk." James Smith, one of the three charged with stealing the automobile, testified that he and defendant drove the automobile from the edge of Willow Springs to Haney's farm.

Defendant contends that the foregoing evidence was insufficient to sustain a conviction for the reason that it did not show that the automobile taken was the personal property of Randolph Truitt. As noted, Truitt testified that he owned a 1937 blue Plymouth coach which he parked in Willow Springs on the afternoon of January 12, 1952. The record makes it clear enough that the automobile referred to by

all the witnesses as the one taken by Haney, Smith, and defendant, was the same blue Plymouth coach which Truitt had theretofore parked. It was not essential in this case, where the ownership of Truitt was not disputed, for the state to prove the motor number or license number of, or to adduce in evidence the title to, the automobile in question in order to prove that the automobile stolen was the personal property of Randolph Truitt as alleged in the information. See State v. Haney, Mo.Sup., 284 S.W.2d 417, 418 [3], and State v. Wahlers, Mo., 56 S.W.2d 26, 27 [2, 3]. Nor, contrary to defendant's contention, was it necessary under Section 560.165 to charge or prove that the Plymouth had a value of $30 or more or that it had any particular monetary value. That section made it a felony to steal " 'any motor vehicle' " without regard to its value. State v. Haney, supra. The charge in the information that the automobile was "of the reasonable value of $100.00" was surplusage in an information under Section 560.165.

We have no doubt that the evidence was sufficient to make a case for the jury, and, consequently, the trial court did not err in overruling defendant's motions for judgment of acquittal.

Defendant contends that the trial court erred in permitting state's witness, Sergeant Barkley, to testify as to what Haney said concerning defendant's part in the theft after Haney, Smith, and defendant had been arrested and while the three were being questioned by officers. It is defendant's position that Haney's statement, testified to by the witness Barkley, was inadmissible under the well-established rule in this state that statements of a third party, made after a defendant is under arrest or in custody, made in the presence of defendant and undenied by him, are inadmissible against a defendant at his trial. State v. Dengel, Mo., 248 S.W. 603, 605 [2].

That rule is not applicable to the facts here. Sergeant Barkley testified that defendant made a statement, the substance of which we have heretofore set forth. On cross-examination the witness testified that Haney made the same statement as that defendant had made except that Haney said that "James Smith and Ray Wilson drove this car out of Willow Springs and drove it home," whereupon defendant had corrected Haney by reminding him that he, defendant, and James Smith refused to drive the car out of Willow Springs because they were afraid they would get caught and that Haney had said he would drive the car and meet defendant and Smith at the edge of town, from where defendant and Smith drove the car to Haney's farm where it was "cut up" and sold as junk.

It is apparent that Haney's statement was not a statement or accusation made by Haney in defendant's presence which remained undenied by defendant. On the contrary, far from remaining silent, defendant affirmatively concurred in most of Haney's statement and affirmatively corrected one portion in the detail noted. The reason for the rule relied on by defendant is that a third party's statement, admissible as an implied admission by reason of one's silence where there is a duty to speak, is rendered inadmissible where a defendant remains silent when he is under no duty to speak, as here, after his arrest. In other words, the basis for the admissibility of the third party's undenied statement as an implied admission of the defendant, does not exist where defendant is under no duty to speak. As we have noted, the facts of the instant case do not call for application of the rule.

If, however, Haney's statement, under the circumstances, was inadmissible as hearsay, it is clear that no prejudice resulted to defendant by reason of its admission. This, because defendant's part in the larceny of the motor vehicle was admitted by defendant in his voluntary statement to the highway patrolman, and Haney's statement was the same as defendant's except for one unimportant and nondecisive detail. Consequently, Haney's statement tended only to corroborate defendant's confession and its admission could not have resulted

in prejudice to defendant. State v. Reich, 293 Mo. 415, 424, 239 S.W. 835, 837 [8].

■ Defendant complains that the trial court erred in permitting state's witness James Smith (one of those charged with the theft of the automobile) to testify on redirect examination that he was not under any force, threat, or promise as to his testimony in the instant case. It appears from the transcript that Smith had been a witness in the case of State v. Haney (another of those charged with the theft of the same automobile), supra, which had been tried prior to the instant case, and had there made statements inconsistent with some of his testimony at the instant trial. On cross-examination, defendant's counsel, in attempting to impeach Smith, examined about some of the testimony Smith had given in the Haney trial. Smith answered that he had given some of that testimony "under force." Defendant made no objection or move to strike that statement. On redirect, the state's attorney was permitted to elicit from Smith that there had been no force, threat, or promise made to him for the purpose of influencing his testimony at the present trial. The trial court did not abuse its discretion in permitting that testimony on redirect examination. It seems to be appellant's position that the testimony was improper because it "built up and glorified the witness for the State" and because it appeared that defendant had not been responsible for any force, if any, used against Smith prior to the Haney trial. Aside from the fact that it was defendant's counsel who brought out on cross-examination that Smith claimed there had been some sort of force used on him as to his testimony in the other trial and perhaps may not, therefore, be in a position to urge his present contention, it does not appear that there was any impropriety in permitting the state to show that, irrespective of what may have occurred as to threats or force against the witness at the other trial, no like threats, force, or promises had been made to influence the witness' testimony at the present trial. And this is true, irrespective of the fact that it appeared that this defendant had nothing to do with the force or threats against the witness Smith at the former trial. In other words, the propriety of permitting the testimony as to the absence of force on the witness at the instant trial did not depend upon the identity of the person or persons responsible for the force used to influence his testimony at the other trial. Defendant cites no authority to sustain his present contention and we are convinced that the trial court did not abuse its broad discretion as to the scope of redirect examination by permitting the question and answer.

■ Defendant contends that the trial court erred in giving the state's main instruction for the reason that it permitted the jury to find that the offense charged occurred "on or about the 12th day of January, 1952," and thus so enlarged the time when the jury could have found that the alleged offense occurred as to nullify the effect of defendant's alibi evidence. Defendant adduced substantial evidence from which a jury reasonably could have found that he was not present in Willow Springs on January 12 but was at another place both on January 12 and 13. Thus, says defendant, the jury could have found that the taking occurred at some time other than on January 12, thereby nullifying the effect of defendant's alibi evidence accounting for his presence elsewhere on January 12 and 13.

Defendant's contention is not valid under the evidence in the instant case. The only evidence as to the time of the alleged offense was that it occurred on January 12, 1952, between 4:30 and 9:30 p. m. There is no suggestion in the record that the state contended, nor is there anything in the record from which the jury reasonably might have found or assumed, that the taking might have occurred at some other time. Under such circumstances, it is unreasonable to say that a jury would understand that, because the instruction hypothesized the theft as taking place "on or about January 12," it could find defendant guilty as charged even though it found that defendant was not present in Willow Springs on January 12, 1952.

The instant situation is unlike that in State v. Chittim, Mo., 261 S.W.2d 79, relied upon by defendant. In Chittim, defendant was charged with molesting a minor with immoral intent. The court said at 261 S.W. 2d 80: "The issue presented by the state was that the act of intercourse took place on August 7, 1951, and that issue was accepted by the defense. Therefore, there was no foundation upon which to place an instruction as to any other time, as was done by the state. This instruction nullified appellant's alibi defense which was supported by substantial evidence." The instruction in Chittim was in part: " 'on the 7th day of August, 1951, or at any time within three years next before the filing of the information herein, to-wit, October 6, 1952, * * *.' " Due to the nature of the offense charged in Chittim, and the language of the instruction permitting a finding that the offense occurred *either* on August 7, 1951, *or* at some time within the period of three years prior to October 6, 1952, it was reasonable to say that the jury might have found defendant guilty of the crime charged on some date other than August 7, 1951.

In the instant case, the charge was stealing a specific vehicle and the only evidence showed that specific vehicle was stolen on January 12. Under those circumstances, the fixing of the time in the instruction as "on or about January 12th" did not, in effect, specify any time other than January 12. We are convinced that the attacked language could not have prejudiced defendant under the charge and the evidence of the instant case.

Defendant also contends that the instruction was erroneous because it directed, inter alia, that defendant was guilty if he had "the fraudulent and felonious intent to convert the same permanently to his or his accomplices' own use." Defendant correctly says that the jury could have found him guilty even though it found he had no intent to convert the automobile to his own use but found only his intent to convert the automobile to his accomplices' use.

The offense of larceny, both at common law and under our statutes (so far as the conversion element is concerned), is complete when there is an intent to convert the property to the use of the taker or to the use of some person other than the owner. In State v. Campbell, 108 Mo. 611, 18 S.W. 1109, the court, in stating what constituted a felonious taking, said: "The taking must have been without right, and with the intention of converting the cow 'to a use other than that of the owner, without his consent.' " 18 S.W. 1109. It is true that most of the Missouri cases which define the elements of larceny refer to the necessary conversion ingredient as an intent to convert to the taker's own use. We think it is clear, however, that an inclusive definition as to the necessary conversion would include an intent to convert the property to the use of the taker or of some person other than the owner. 52 C.J.S., Larceny, § 1, p. 779. In the instant case the evidence showed a felonious taking of an automobile participated in by three persons. Under those facts we have no doubt that the instruction was not erroneous in having authorized the jury to predicate defendant's guilt upon a finding, inter alia, that defendant intended to convert the property to "his or his accomplices' own use."

The transcript discloses no error as to those matters not required to be preserved for our review.

The judgment is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court.

All concur.