**STATE of Missouri, Respondent,**

v.

**John Charles LOWE, Appellant.**

No. 54212.

Supreme Court of Missouri,
Division No. 2.

July 14, 1969.

John C. Danforth, Atty. Gen., Jefferson City, Frederick H. Mayer, Sp. Asst. Atty. Gen., St. Louis, for respondent; Cook, Murphy, Lance & Mayer, St. Louis, of counsel.

James C. Jones, III, St. Louis, for appellant.

STOCKARD, Commissioner.

Appellant was found guilty by a jury of burglary in the second degree and with stealing during the commission of the burglary, and pursuant to § 556.280 RSMo 1959, V.A.M.S., the trial court assessed his punishment at confinement by the Department of Corrections at seven years for burglary and four years for the stealing, the sentences to run concurrently. After his motion for new trial was overruled, allocution was held, and sentence and judgment were entered accordingly. This appeal followed.

Appellant rented a room in Phil's Hotel, and on May 17, 1968, he and a companion spent most of the day in the tavern located on the first floor. About 6:00 o'clock of the morning of May 18, it was discovered that a glass panel in the front door of the tavern had been broken out, and that a cigarette machine had been opened and packages of cigarettes removed from it. In addition, packages of chewing gum, some sausages called "Slim Jims," and some cash had been stolen. The police went to the hotel room of appellant. His companion was alone in the room, and the police found packages of cigarettes and chewing gum. The "tax numbers" on the packages of cigarettes were identical to the "tax numbers" on the cigarette packages remaining in the machine in the tavern. On the following morning appellant was arrested, and after being given the "Miranda warnings" he told the police that about 4:00 o'clock of the morning of May 18, he broke a glass panel next to the door of the tavern, entered the building, opened the cigarette machine and took some packages of cigarettes. He further stated that he took some chewing gum and some sausages, and that after returning to his room above the tavern he went to the St. Regis Hotel and rented a room.

Detective Vollmer testified on direct examination that appellant took him to his room in the St. Regis Hotel where he found packages of cigarettes and chewing gum, and that he examined the cigarettes and found "That the Federal Tax Stamp was the same number that was on the cigarette machine in the tavern." No objection was made to this testimony. Subsequently on cross-examination he was asked when he checked the number on the cigarette machine, and he replied that he "checked the numbers on the cigarettes against the original report that was made in the burglary which * * * incorporated the number of the cigarette machine." Counsel for appellant then moved that "this testimony of this officer with regard to the identity of the cigarettes as coming out of that cigarette machine be stricken and that the jury be asked to disregard it on the grounds that it's based on hearsay." A discussion followed in

which the state's attorney stated that the knowledge of the witness was "based upon the work record of the Police Department," which was "the ordinary business record every officer can refer to by just getting out a report." He further stated that he "could put the officer back on [the witness stand] who made the original investigation." The motion was overruled.

The officer who the state's attorney impliedly offered to put back on the witness stand was Officer Lachenicht who had investigated the burglary. He had previously testified that the numbers on the packages of cigarettes found in appellant's room above the tavern were the same "as the ones that were in the machine." He did not testify that he had checked the number on the machine. Any report he made was not in evidence.

■ The testimony of Detective Vollmer that the tax number on the cigarettes found in the room in the St. Regis Hotel was the same as the number on the cigarette machine was a conclusion, and it was also hearsay because the witness had no personal knowledge of the number on the machine. However, this testimony came in without objection. The issue is whether, as appellant contends, prejudicial error resulted when the court refused to strike the testimony of Detective Vollmer when it was subsequently developed that the witness did not have personal knowledge of the number on the machine.

It has been held that the admission of hearsay evidence is not prejudicial when the matter as to which it was admitted "was immaterial or not essential to conviction, or was admitted, or not disputed, by accused, or was established by other evidence which was competent or was admitted without objection, contradiction, or controversion." 24B C.J.S. Criminal Law § 1915 (16). In State v. Wilson, Mo., 286 S.W.2d 756, a highway patrolman related an oral confession by defendant of the offense charged. The patrolman was then permitted to testify as to a statement made by one Haney, an accomplice, which implicated defendant. It was held: "If, however, Haney's statement, under the circumstances, was inadmissible as hearsay, it is clear that no prejudice resulted to defendant by reason of its admission. This, because defendant's part in the larceny of the motor vehicle was admitted by defendant in his voluntary statement to the highway patrolman, and Haney's statement was the same as defendant's except for one unimportant and nondecisive detail. Consequently, Haney's statement tended only to corroborate defendant's confession and its admission could not have resulted in prejudice to defendant." See also State v. Baldwin, Mo., 399 S.W.2d 22; State v. Nidauri, Mo., 293 S.W.2d 955; State v. Bright, Mo., 269 S.W.2d 615; State v. Reich, 293 Mo. 415, 239 S.W. 835, 837; and State v. Pollnow, Mo., 14 S.W. 2d 574. In this case there was in evidence the testimony of two persons (the police officer and the manager of the tavern in whose presence the oral confession was made) as to the statement of appellant in which he admitted that he had taken cigarettes from the machine in the tavern. There was also the testimony of Detective Vollmer that appellant had told him that the cigarettes he had taken from the machine were in the appellant's room at the St. Regis Hotel. The hearsay statement of Detective Vollmer that the numbers on the cigarette packages were the same as the number on the machine tended only to corroborate defendant's confession, and does not require the reversal of the judgment.

Appellant also contends that the "court erred in denying [his] motion for leave to file a plea of not guilty by reason of mental disease or defect and for mental examination, and in denying [his] motion for a new trial on that ground."

On June 27, 1968, appellant was arraigned and entered a plea of not guilty. On July 23, the day the case was set for trial, appellant's counsel requested a continuance "on the grounds that there are witnesses

* * * [who] would testify that the defendant was in·such a state of intoxication that he didn't know what he was doing and that the statement he made was involuntary." Counsel then advised the court that only that morning had appellant first mentioned this to him, and that although he had asked appellant to give him the names of the witnesses he refused to do so. The motion for continuance was denied. The jury was then selected, but before it was sworn appellant's counsel made the following statement: "Your Honor, the defendant has asked me to ask leave of Court to file a plea of not guilty by reason of mental disease or defect excluding responsibility and amounting to unfitness to stand trial. I realize that this motion is made somewhat out of time but nevertheless that's the reason I ask leave of court to file that. The motion is that the plea be filed and that the defendant be sent to a mental hospital for mental examination."

This oral motion was overruled. Appellant apparently attempted to invoke the provisions for a mental examination pursuant to § 552.020 and also § 552.030, RS Mo, Supplement 1963, V.A.M.S.

Section 552.020(1) provides that "No person who as a result of mental disease or defect [as those terms are defined in § 552.010] lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted or sentenced for the commission of an offense so long as the incapacity endures." The second subparagraph of this section then provides that "Whenever there is reasonable cause to believe that the accused has a mental disease or defect excluding fitness to proceed the court upon motion filed by the state or by or on behalf of the accused or upon its own motion, shall appoint one or more physicians to examine the accused and report upon the matter."

Section 552.030 provides that "A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he did not know or appreciate the nature, quality or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of law." The second subparagraph of this section provides that "Evidence of mental disease or defect excluding responsibility shall not be admissible at trial of the defendant unless the defendant at the time of entering his plea to the charge pleads not guilty by reason of mental disease or defect excluding responsibility, or unless within ten days after a plea of not guilty or at such later date as the court may for good cause permit, he files a written notice of his purpose to rely on such defense. Such a plea or notice shall not deprive the defendant of other defenses."

Section 552.030 contemplates that the defense of a mental disease or defect excluding responsibility for criminal conduct be presented when the accused enters his plea to the charge against him, or by written notice within ten days thereafter or at such later time that the court may for good cause permit. In this case the oral motion was not made at the time of the plea to the charge or within ten days thereafter, but was made after the jury had been selected. There was no evidence offered in support of the merits of the motion, or to establish good cause for the lateness of the motion. The motion did not prove itself, and the record does not contain any evidence or indicate any conduct on the part of appellant which would have justified a determination by the court that there was good cause to believe that he had a mental disease or defect excluding fitness to proceed within the meaning of § 552.020, or excluding responsibility within the meaning of § 552.030. The trial court did not err in overruling the motion.

In his motion for new trial, appellant assigned as error that the court denied his "motion for leave to file a plea of not guilty by reason of mental disease or mental defect," and that it denied his "motion

for a mental examination." In support of this assignment of error, counsel submitted a letter addressed to him from the director of outpatient medical records at Barnes Hospital, which set forth certain information shown on the records pertaining to appellant. It appears from that letter that appellant was an outpatient at the Washington University Clinic in 1950 and 1959 when he was fifteen years of age. The report is rather lengthy, but the portions relied on by appellant include that part under "Imps." (apparently referring to "Impressions" of the person preparing that particular part of report) that appellant had "mental retardation," and the statement that since early childhood appellant had a behavior problem and had multiple encounters with the police for breaking into homes and for small thefts.

This evidence, in the form of the letter from Barnes Hospital, was not before the trial court at the time that it ruled on the oral motion, and the presentation of the evidence with the motion for new trial cannot establish error on the part of the trial court in failing to consider something that was not then before it. The assignment of error in appellant's motion for new trial, technically speaking, is limited to the contention that the court erred in not ordering a mental examination at the time the oral motion was made, and for the reasons above stated that was not error. However, it might be contended that it was the intention of appellant that the assignment of error in the motion for new trial and the evidence in the form of the letter should constitute a new motion for a mental examination, and we will so consider it.

■ As previously noted, par. 2 of § 552.030 contemplates that a plea of not guilty by reason of a mental disease or defect excluding responsibility should be made at the time of the plea to the charge, or thereafter in writing within ten days except for good cause shown. There was no good cause shown in this case for not submitting the defense until after the jury was selected. The penalty for such failure is that evidence of mental disease or defect excluding responsibility shall not be admissible at the trial. However, in this case appellant offered no such evidence, and neither the state nor appellant attempted to present evidence on that issue. Par. 4 of § 552.030 provides that all persons are presumed to be free of mental disease or defect excluding responsibility for their conduct, and the issue when raised is one to be decided by the jury upon the introduction of substantial evidence of lack of such responsibility. In the absence of a timely presentation of the issue of claimed lack of responsibility, and in the absence of any justification whatever for not presenting the issue timely, and when there was no evidence offered of mental disease or defect excluding responsibility, or offer of proof thereof, we are constrained to rule that by its ruling on the motion for new trial the court did not improperly deprive appellant of any right pursuant to § 552.030.

Section 552.020 pertaining to mental disease or defect excluding fitness to proceed with trial does not require that the motion provided for be filed at any particular time, and § 552.010 provides that no person who lacks such capacity shall be tried, convicted or sentenced so long as the incapacity exists. This implies that the motion can be made anytime before sentencing.

■ Appellant relies on the statements in the letter that the person making the hospital report had the impression that he had "mental retardation," and the statements to the effect that he had previous behavior problems involving criminal conduct. § 552.010 provides that the terms "mental disease or defect" do not include "an abnormality manifested only by repeated criminal or otherwise anti-social conduct." It may be conceded that mental retardation may be of such a degree that it would exclude fitness to stand trial. But, mental retardation is a relative term,

and the degree may be slight and have no effect on the accused's fitness to stand trial. The letter from the hospital gave no indication of the degree except that "in school [he] was slow 'mainly because of reading' and at age 15 is only in the 7th grade." This does not establish that appellant was not able to intelligently participate in his defense and cooperate with his counsel and understand the proceedings. On the other hand the trial court was able to observe appellant in the courtroom and how he conducted himself and worked with his counsel. The court was also aware of the fact that after conferring with appellant his counsel did not have reason to believe he had a mental disease or defect. At the time it ruled on the motion for new trial the court commented that the oral motion to enter a plea of not guilty by reason of a mental disease or defect followed immediately after an unmeritorious motion for continuance, and apparently the court considered it to be an attempted delaying tactic.

Section 552.020 authorizes or requires a mental examination only when there is good cause to believe the accused has a mental disease or defect excluding fitness to proceed. Under the circumstances here, when the court had been able to personally observe appellant and had before it only the indefinite conclusion of some unidentified person who had examined appellant approximately ten years earlier that he had some unspecified degree of "mental retardation," we cannot say that the court abused its discretion in not ordering a mental examination pursuant to § 552.020 before imposing sentence and judgment.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.